UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER D. MACK, | Case No.: 2:19-cv-01984-APG-BNW |
| Plaintiff | **Order** |
| v. | |
| JERRY HOWELL, et al., | |
| Defendants | |

Plaintiff Christopher Mack is in the custody of the Nevada Department of Corrections (NDOC). He has submitted a civil rights complaint under 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis. ECF Nos. 1, 1-1. I now address Mack's application to proceed *in forma pauperis* and screen his civil rights complaint under 28 U.S.C. § 1915A.

**I.      APPLICATION TO PROCEED** ***IN FORMA PAUPERIS***

I find that Mack is not able to pay an initial installment payment toward the full filing fee under 28 U.S.C. § 1915. The application to proceed *in forma pauperis* is therefore granted. Mack will, however, be required to make monthly payments toward the full $350.00 filing fee when he has funds available.

**II.     SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.*

§ 1915A(b)(1), (2).  *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act (PLRA) requires a federal court to dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).  Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint.  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).  Allegations of a *pro se* complainant are held to

less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A formulaic recitation of the elements of a cause of action is insufficient. *Id*.

      Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.*  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*  "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

      Finally, all or part of a complaint filed by an incarcerated person may be dismissed *sua sponte* if the claims lack an arguable basis either in law or in fact.  This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### III.    SCREENING OF COMPLAINT

      Mack sues multiple defendants for events that allegedly took place while he was incarcerated by the NDOC. ECF No. 1-1 at 1.  He sues NDOC employees Dwayne Deal, Jerry Howell, Brian Williams, James Dzurenda, R. Barrett, and Dwight Neven as well as former

Nevada Attorney General Adam Paul Laxalt, and former Nevada Deputy Attorney General Allison Herr. *Id.* at 2-3.  He alleges five counts and seeks damages and injunctive relief. *Id.* at 11, 14.

Mack alleges that he was wrongfully denied the application of good time and work credits towards his sentence as required by NRS 209.4465. *Id.* at 4-11.  HE alleges violations of "state law" and various provisions of the Nevada Constitution. *Id.* at 7-11.  He does not allege any violations of the laws or Constitution of the United States.  As discussed above, to assert a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the laws or Constitution of the United States.  Mack therefore fails to state a claim under § 1983.

In addition, it is apparent that I do not have jurisdiction over the claims alleging violations of state law, including alleged violations of the Nevada Constitution.  Although this court does not have original jurisdiction over state law claims involving only residents of Nevada, it may exercise supplemental jurisdiction over a plaintiff's state law claims provided that they "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).  Here, the complaint includes no claims over which the court has original jurisdiction.  Thus, I may not exercise supplemental jurisdiction over any of the claims.  I therefore dismiss Mack's complaint without prejudice and without leave to amend.  If Mack wishes to pursue these claims, he must do so in state court.

## IV.   CONCLUSION

I THEREFORE ORDER that Mack's application to proceed *in forma pauperis* **(ECF No. 1) is GRANTED**.  The Clerk of Court SHALL FILE the complaint (ECF No. 1-1).  Mack is **not** required to pay an initial installment fee.  Nevertheless, the full filing fee is still due under 28

U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act, despite the fact that the complaint is being dismissed.

I FURTHER ORDERED that, under 28 U.S.C. § 1915 as amended by the Prisoner Litigation Reform Act, the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of CHRISTOPHER D. MACK, #78847 (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action.  The Clerk shall send a copy of this order to the attention of **Chief of Inmate Services for the Nevada Department of Prisons,** P.O. Box 7011, Carson City, NV 89702.

I FURTHER ORDER that the entire complaint is dismissed without prejudice and without leave to amend.

I FURTHER ORDER the Clerk of the Court to enter judgment accordingly and close this case.  No other documents shall be filed in this closed case.

Dated: August 10, 2020

_____
U.S. District Judge