*ORIGINAL TO COURT*

Christopher D. Mack
Name
S.D.C.C. / P.O. Box 208

Indian Springs, NV. 89070

#78847
Prison Number

FILED
ENTERED

RECEIVED
SERVED ON
COUNSEL/PARTIES OF RECORD

NOV 1 2 2019

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
### ***

Christopher D. Mack ,
                              Plaintiff

vs.

Jerry Howell, warden ,
Brian Williams, warden
James Dzurenda, director of NDOC ,
Dwight Neven, warden
Dwayne Deal, offender Management (OMD),
R. Barrett, caseworker
Adam Paul Laxalt, Attorney General ,

Allison Herr, Deputy Attorney General ,
                              Defendant(s).

## 2:19-cv-01984-APG-BNW

### CIVIL RIGHTS COMPLAINT
### PURSUANT TO
### 42 U.S.C. § 1983

## A.   JURISDICTION

1)   This complaint alleges that the civil rights of Plaintiff, Christopher D. Mack ,
                                                              (print plaintiff's name)

who presently resides at Southern Desert Correctional Center , were violated by

the actions of the below-named individuals that were directed against Plaintiff at

Southern Desert Correctional center
P.O. Box 208 / Indian Springs NV 89070    on    the    following    dates:
(institution/city where violation occurred)
Deliberate Indifference
12 / 01 / 01  to  Present , and _____
(Claim 1)        (Claim 2)              (Claim 3)

Revised 7/8/19

**Make a copy of this page to provide the below**
**information if you are naming more than five (5) defendants**

') Defendant <u>Dwayne Deal</u> resides at <u>Unknown</u>
(full name of first defendant)           (address if first defendant)
and is employed as <u>Offender Management Division</u>. This defendant is sued in his/her
(defendant's position and title, if any)
✓ individual ✓ official capacity. (Check one or both). Explain how this defendant was acting

under color of law: <u>Defendant is employed by the State of Nevada ex-rel</u>
<u>Nevada Department of Corrections</u>

) Defendant <u>Jerry Howell</u> resides at <u>Unknown</u>
(full name of first defendant)           (address if first defendant)
and is employed as <u>Warden at N.D.O.C.</u>. This defendant is sued in his/her
(defendant's position and title, if any)
✓ individual ✓ official capacity. (Check one or both). Explain how this defendant was acting

under color of law: <u>Defendant is employed by the State of Nevada</u>
<u>ex-rel Nevada Department of Corrections</u>

) Defendant <u>Brian Williams</u> resides at <u>Unknown</u>
(full name of first defendant)           (address if first defendant)
and is employed as <u>warden at N.D.O.C</u>. This defendant is sued in his/her
(defendant's position and title, if any)
✓ individual ✓ official capacity. (Check one or both). Explain how this defendant was acting

under color of law: <u>Defendant is employed by State of Nevada ex-rel</u>
<u>Nevada Department of Corrections</u>

) Defendant <u>James Dzurenda</u> resides at <u>Unknown</u>
(full name of first defendant)           (address if first defendant)
and is employed as <u>Director of Nevada Dept. of Corrections</u> This defendant is sued in his/her
(defendant's position and title, if any)
✓ individual ✓ official capacity. (Check one or both). Explain how this defendant was acting

under color of law: <u>Defendant is employed by State of Nevada ex-rel</u>
<u>Nevada Department of Corrections</u>

2

**Make a copy of this page to provide the below information if you are naming more than five (5) defendants**

') Defendant R. Barrett _____ resides at UNKNOWN _____
(full name of first defendant)                    (address if first defendant)
and is employed as Case Worker at N.D.O.C. . This defendant is sued in his/her
(defendant's position and title, if any)
✓ individual ✓ official capacity. (Check one or both). Explain how this defendant was acting

under color of law: Defendant is employed by the State of Nevada ex-rel Nevada Department of Corrections.

) Defendant Dwight Neven _____ resides at UNKNOWN _____
(full name of first defendant)                    (address if first defendant)
and is employed as Warden at N.D.O.C. . This defendant is sued in his/her
(defendant's position and title, if any)
✓ individual ✓ official capacity. (Check one or both). Explain how this defendant was acting

under color of law: Defendant is employed by State of Nevada ex-rel Nevada Department of Corrections

) Defendant Adam Paul Laxalt _____ resides at UNKNOWN _____
(full name of first defendant)                    (address if first defendant)
and is employed as Attorney General . This defendant is sued in his/her
(defendant's position and title, if any)
✓ individual ✓ official capacity. (Check one or both). Explain how this defendant was acting

under color of law: Defendant is employed by the State of Nevada ex-rel Attorney General's Office of the Court

) Defendant Allison Herr _____ resides at UNKNOWN _____
(full name of first defendant)                    (address if first defendant)
and is employed as Deputy Attorney General . This defendant is sued in his/her
(defendant's position and title, if any)
✓ individual ✓ official capacity. (Check one or both). Explain how this defendant was acting

under color of law: Defendant is employed by the State of Nevada ex-rel Attorney General's office of the court.

3

## B. NATURE OF THE CASE

1.) Christopher Mack here-in-after, Plaintiff, was incarcerated on December 1, 2001 in Consolidated Cases C182000 and C182002 for crime(s) of Count 1.- Burglary while in possession of a firearm (Felony -NRS 205.060) Category B felony, Count 2 - Robbery with use of a deadly Weapon (Felony - NRS 200.380, 193.165) Cotergory B felony, Count 3 - Attempt Robbery with use of a deadly Weapon (Felony -NRS 200.380, 193.165, 193.330) Category B felony, Count 7 - Burglary while in Possession of a firearm (felony - NRS 205. 060) Category B Felony; Counts 8, 9, and 10 (Concurrent) Robbery with use of a deadly Weapon (Felony -NRS 200.380, 193.165) Category B Felony.

2.) Plaintiff was also charged and Convicted in Case# C181882 with two additional Counts. Count 1- Robbery with use of a deadly Weapon (Felony - NRS 200.380, 193.165) Category B Felony and Count 2 - Robbery with use of a deadly weapon (Felony-NRS 200.380, 193.165) (Category B Felony. This case, plaintiff recieved on the dates of 11-8-2001 and 11-20-2001.

3.) During the above stated times of each case involved up to the present, the Nevada Department of Corrections has failed to Comphensate and/or Credit Plaintiff with the statutory Good time / Work time credits Allotted Plaintiff

Page **4**

and guaranteed by N.R.S. 209.4465 — (1997.) It entitles Plaintiff to have 20 days per month of statutory good time/work time credits deducted from the Minimum and Maximum terms of his sentence for the period he is actually incarcerated and each month he serves. Due to N.D.O.C. neglect of following the guidelines set forth in NRS 209.4465 (1997) Plaintiff filed for WRIT OF HABEAS CORPUS. April 27th, 2017 challenging N.D.O.C.'s Computation of Plaintiffs good time/work time Credits. (See Exhibit (B) Petition for WRIT OF HABEAS Corpus.

The Court Granted Plaintiffs WRIT OF HABEAS CORPUS on February 9, 2018. (See Exhibit (A) Notice of Entry Order.)

4.) The N.D.O.C. and the Courts have still denied Plaintiffs good time. work time credits for all of Plaintiffs Counts since November, 8 2001 even with the HABEAS CORPUS being GRANTED. The Claim is that, "because the application of credits under NRS 209.4465 (7)(b) only serves to make an offender eligible for Parole Earlier, NO RELIEF can be afforded where the offender has already expired the sentence." Plaintiffs rights have been clearly Vio- lated since his incarceration and Plaintiff has been excessively confined because of the Constitutional Rights Violations. (See Exhibit (B) Inmate Grievance Report.) (GRIEVANCE.)

5.) Plaintiff had a Parole Granted to him in which the N.D.O.C. rescinded claiming Plaintiff was "ineligible." Plaintiff was granted board in Consolidated Case(s) C162000 and C162002 on 7-9-2004, parole eligibility date be 11-29-2004. During

1    this time Plaintiff went back to Court and signed a Guilty

2    Plea agreement in Case C181882 and was sentenced on the

3    date of August 4th, 2004 to (2)two Additional Counts of

4    Robbery with use of a deadly Weapon to run Concurrent with

5    Plaintiff's Consolidated Case(s) C182000 and C182002. N.D.O.C.

6    and Nevada Board of Parole Commissioners told Plaintiff that

7    prior to the 11-29-2004 Parole date in Case C182000, new

8    sentences resulting from a different Conviction were applied

9    to Plaintiffs current sentence structure and according to

10    NRS 213.1213, eligibility for parole on Concurrent sentences

11    is based on the sentence requiring the longest period of time

12    to serve before eligibility. Plaintiff contends that if the

13    N.D.O.C. Applied NRS 209.4465 (1997) Correctly, there's

14    no way the two cases C182000 and C181882 Could have

15    ever effected each others course, or Plaintiffs Parole.

16    (See Exhibit (C) Nevada Board of Parole Commissioners

17    Letter.)

## C.     CAUSE(S) OF ACTION

### CLAIM 1

The following civil rights have been violated: _Plaintiff was denied Due Process under Nevada Constitution Art 1 § 8 B and State Law._

Supporting Facts: [Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be sure you describe exactly what each specific defendant (by name) did to violate your rights].

Plaintiff specifically Re-alleges Paragraphs (1) through (5) of the Nature of the Case as specifically alleged here-in.

Defendants, Jerry Howell, Brian Williams, James Dzurenda, Dwight Neven, Dwayne Deal, R. Barrett, Adam Paul Laxalt, and Allison Herr all denied Plaintiff of his due Process. As directors, Wardens, Attorney Generals, employees, and Policy Makers in charge of training, applying and overseeing Plaintiffs stat-time, work time credits directly violated Plaintiffs due process rights under the Nevada Constitution Art 1 § 8 by implementing, enforcing and ratifying arbitrary "Customs" and Policies in which deprived Plaintiff of NRS 209.4465 (1)(8) Application of credits, Parole eligibility date, Appropriate Custody level, timely Parole board hearing, and ultimately Liberty without a hearing or any Legitimate penalogical reason further depriving Plaintiff of his Plea agreement, and Judgement of Conviction Without Due Process.

## CLAIM 2

The following civil rights have been violated: _Plaintiff was subjected to Ex-Post Facto/De-Facto Law in Violation of Art. 15 of the Nevada Constitution and State law._

> Supporting Facts: [Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be sure you describe exactly what each specific defendant (by name) did to violate your rights].

Plaintiff specifically Re-Alleges Paragraphs (1) through (5) of the Nature of the Case a specifically alleged here-in.

Defendants, Terry Howell, Brien Williams, James Dzurenda, Dwight Neven, Dwayne Deal, R. Barrett, Adam Paul Laxalt, and Allison Herr, as Directors, Wardens, Attorney generals, employees and Policy Makers in charge of training, Applying and over seeing Plaintiff's statime, worktime credits directly vio-Lated Plaintiff's Nevada Constitutional right to be free from Ex-Post Facto /De-facto application of law by implementing, enforcing and ratifying Arbitrary "Customs" and Policies in which subjected Plaintiff to the failure of NRS 209.4465 (7)(b) application of Credits and/or the retroactive application of NRS 209.4465 (8) which inflicts a greater punishment on Plaintiff I.E. Custody Level, Parole eligibility, and increased sentence.

## CLAIM 3

The following civil rights have been violated: _Plaintiff was subjected to Cruel and unusual Punishment in Violation of Art 6 of the Nevada Constitution. N.V. State law._

Supporting Facts: [Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be sure you describe exactly what each specific defendant (by name) did to violate your rights].

_Plaintiff specifically Re-Alleges Paragraphs (1) through (5) of the Nature of The Case as specifically alleged here-in._

_Defendants Jerry Howell, Brian Williams, James Dzurenda, Dwight Neven, DuWayne Deal, R. Barrett, Adam Paul Laxalt, and Allison Herr, as Directors, Wardens, Attorney Generals, employees and Policy Makers in charge of training, applying and overseeing Plaintiffs stat-time, work-time Credits directly Violated Plaintiffs Nevada Constitutional Rights to be free from cruel and unusual punishment by emplementing, enforcing, and ratifying arbitrary "Customs" and Policies in which Deliberately and indifferently deprived Plaintiff of Parole Eligibility date, appropriate Custody Level, timely Parole Board hearing and ultimately Liberty in which "Shocked" the Conscience and subjected Plaintiff to the unnecessary Wanton infliction of Pain._

## CLAIM 4

The following civil rights have been violated: Plaintiffs rights to EQUAL Protection of the law Protected by the Nevada Constitution was Violated and Nevada State law.

Plaintiff specifically re-alleges Paragraphs (1) through (5) of the NATURE OF THE CASE as specifically alleged here-in.

Defendants Jerry Howell, Brian Williams, James Dzurenda, Dwight Neven, Dwayne Deal, R. Barrett, Adam Paul Laxalt, and Allison Herr, as Directors, Wardens, Attorney Generals, employees and Policy makers in charge of training, applying and Overseeing plaintiffs stat-time work time credits directly Violated Plaintiffs Nevada Constitutional Rights to Equal Protection of the law by Implimenting, enforcing and ratifying "Customs" and Policies which arbitrary government action were imposed motivated by pure "spite" to deprive Plaintiff of NRS 208.4465 (7)(B.) application of credits along with a small group of felons who committed their crimes between "1997" and "2007" more over by discriminating against Plaintiff as a class of one, informing the court Plaintiff was not entitled to NRS 208.4465 (7)(B) in there response to writ of Habeas Corpus as seen in Exhibit (   ) These Customs were the direct Moving force of Plaintiffs Nevada Constitutional Rights Violations.

## CLAIM 5

The following Civil Rights have been Violated: Plaintiff has been Subjected to Negligence In Violation of the laws and the Nevada Constitution. N.V. State Law.

Plaintiff specifically re-alleges Paragraphs (1) through (5) of the Nature of the Case, as specifically alleged here-in.

Defendants Jerry Howell, Brian Williams, James Dzurenda, Dwight Neven, Dwayne Deal, R. Barrett, Adam Paul Laxalt, and Allison Herr, as Directors, Wardens, Attorney Generals, employees, and Policy makers in charge of training, applying and overseeing Plaintiff's stat-time work time Credits directly Violated Plaintiff's State law and Constitutional Right to be free from negligent government actions being imposed on Plaintiff by implimenting, enforcing and ratifying Customs and Policies in which allows and supports N.D.O.C. to refuse and or fail to apply the appropriate Credit Application to Plaintiff category (B) conviction.

Plaintiff in the instant Case, is a lay man of the law and has no physical access to a law library at this time and is at the mercy of this court to interpret Counts (Claims)(1) through(5) into the state laws that were violated in which Plaintiff is entitled relief as Plaintiff does not have the exact law- Nu # NRS but only exhibits and his allegation.

9)      Have you filed other actions in state or federal courts involving the **same or similar facts** as involved in this action? Circle one: Yes or No. If your answer is "Yes," describe each lawsuit. (If more than one, describe the others on an additional page answering the following questions.)

a)      Defendants: _____

b)      Name of court and docket number: _____

c)      Disposition (for example, was the case dismissed, appealed or is it still pending?):

        _____

d)      Issues raised: _____

        _____

        _____

e)      Approximate date it was filed: _____

f)      Approximate date of disposition: _____

10)     Have you filed an action in federal court that was dismissed because it was determined to be frivolous, malicious, or failed to state a claim upon which relief could be granted? Circle one: Yes or No. If your answer is "Yes," describe each lawsuit. (If you had more than three actions dismissed based on the above reasons, describe the others on an additional page answering the following questions.)

**Lawsuit #1 dismissed as frivolous, malicious, or failed to state a claim:**

a)      Defendants: _____

b)      Name of court and case number: _____

c)      The case was dismissed because it was found to be (circle one): (1) frivolous;

        (2) malicious; or (3) failed to state a claim upon which relief could be granted.

d)      Issues raised: _____

        _____

        _____

e)      Approximate date it was filed: _____

f)      Approximate date of disposition: _____

**Lawsuit #2 dismissed as frivolous, malicious, or failed to state a claim:**

a)      Defendants: _____

b)      Name of court and case number: _____

c)      The case was dismissed because it was found to be (circle one): (1) frivolous;

        (2) malicious;  or (3) failed to state a claim upon which relief could be granted.

d)      Issues raised: _____

        _____

        _____

e)      Approximate date it was filed: _____

f)      Approximate date of disposition: _____

**Lawsuit #3 dismissed as frivolous, malicious, or failed to state a claim:**

a)      Defendants: _____

b)      Name of court and case number: _____

c)      The case was dismissed because it was found to be (circle one): (1) frivolous;

        (2) malicious;  or (3) failed to state a claim upon which relief could be granted.

d)      Issues raised: _____

        _____

        _____

e)      Approximate date it was filed: _____

f)      Approximate date of disposition: _____

### D.    REQUEST FOR RELIEF

I believe I am entitled to the following relief: (1.) 150,000 Per Defendant for Compensatory damages  (2.) 50,000 for punitive damages  (3.) 60,000 for general damages  (4.) that this Court maintains Jurisdiction of this Case  (5.) that plaintiff recieves immediately relief of any remaining obligations to any time left on Plaintiffs Current Sentence.

I understand that a false statement or answer to any question in this complaint will subject me to penalties of perjury. **I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.** *See* 28 U.S.C. § 1746 and 18 U.S.C. § 1621.

N/A
(name of person who prepared or helped prepare this complaint if not the plaintiff)

Christopher D. Mack
(signature of plaintiff)

October 30, 2019
(date)



Electronically Filed
2/15/2018 8:46 AM
Steven D. Grierson
CLERK OF THE COURT

1   **NEOJ**

2                        **DISTRICT COURT**

3                    **CLARK COUNTY, NEVADA**

4

5   CHRISTOPHER MACK,

6                          Petitioner,          Case No: A-17-754557-W

                                               Dept. No: VII
7        vs.

8   DWIGHT NEVENS,

9                          Respondent,              NOTICE OF ENTRY OF ORDER

10

11      **PLEASE TAKE NOTICE** that on February 9, 2018, the court entered a decision or order in this matter,

12  a true and correct copy of which is attached to this notice.

        You may appeal to the Supreme Court from the decision or order of this court. If you wish to appeal, you
13
    must file a notice of appeal with the clerk of this court within thirty-three (33) days after the date this notice is
14
    mailed to you. This notice was mailed on February 15, 2018.
15
                                        STEVEN D. GRIERSON, CLERK OF THE COURT
16
                                            */s/ Amanda Hampton*
17                                          Amanda Hampton, Deputy Clerk

18

19                       CERTIFICATE OF E-SERVICE / MAILING

20      I hereby certify that on this 15 day of February 2018, I served a copy of this Notice of Entry on the
    following:
21
        ☑   By e-mail:
22              Clark County District Attorney's Office
                Attorney General's Office – Appellate Division-
23

24      ☑   The United States mail addressed as follows:
            Christopher Mack # 78847
25          P.O. Box 208
            Indian Springs, NV 89070
26

27                                          */s/ Amanda Hampton*
                                            Amanda Hampton, Deputy Clerk
28

                                        *Exhibit (A )*

                                            -1-

Electronically Filed
2/9/2018 5:53 PM
Steven D. Grierson
CLERK OF THE COURT

1   **DAO**

2             **EIGHTH JUDICIAL DISTRICT COURT**

3                **CLARK COUNTY, NEVADA**

4

5   CHRISTOPHER MACK,

6                Petitioner,

7     *vs.*                         Case No.       A-17-754557-W

8   DWIGHT NEVENS, WARDEN,           Dept. No.       VII

                      Respondents.

9

10                  **DECISION AND ORDER**

11       Petitioner Christopher Mack filed a Petition for Writ of Habeas Corpus challenging the

12 computation of time by the Nevada Department of Corrections. The matter came before the Court

13 on November 7, 2017. The Court did not entertain oral arguments and no parties were present. The

14 Court now rules based solely on the pleadings pursuant to NRS 34.770(2). The Court grants Mr.

15 Mack's Petition for Writ of Habeas Corpus. The Attorney General's Office supplemented their

16 response to include information regarding compliance from the NDOC as to the Court's granting of

17 Mr. Mack's petition. The Court heard the issue regarding NDOC compliance on January 9, 2018.

18 The Court found that Mr. Mack's sentence was recalculated in compliance with its finding on

19 November 7, 2017 and Mr. Mack was given an edibility date of September 6, 2017 and would be

20 added to the next parole calendar.

21             **I.**      **Factual and Procedural Background**

22       Christopher Mack was adjudicated guilty of the following 2001 offenses and was given the

23 following sentences:

24            Count I- Burglary while in Possession of a Firearm, a category B felony, to serve a

25 sentence of thirty-six months to one hundred fifty-six months;

26            Count II- Robbery with Use of a Deadly Weapon, a category B felony, to serve a

27 sentence of thirty-six months to one hundred fifty-six months, plus an equal and consecutive

28

LINDA MARIE BELL
DISTRICT JUDGE
DEPARTMENT VII

FEB 0 9 2018

| Voluntary Dismissal | ☒ Summary Judgment |
|---|---|
| ☐ Involuntary Dismissal | ☐ Stipulated Judgment |
| ☐ Stipulated Dismissal | ☐ Default Judgment |
| ☐ Motion to Dismiss by Def(s) | ☐ Judgment of Arbitration |

1

1    sentence of thirty-six months to one hundred fifty-six months for the deadly weapon enhancement,

2    to run consecutive to Count I;

3            Count III- Attempt Robbery with Use of a Deadly Weapon, a category B felony, to

4    serve a sentence of twenty-two months to ninety-six months, plus an equal and consecutive sentence

5    of twenty-two months to ninety-six months for use of a deadly weapon, to run consecutive to Count

6    II;

7            Count VII- Burglary while in Possession of a Firearm, a category B felony, to serve a

8    sentence of thirty-six months to one hundred fifty-six months, to run consecutive to Count III;

9            Count VIII- Robbery with Use of a Deadly Weapon serving a sentence of thirty-six

10   months to one hundred fifty-six months, plus an equal and consecutive sentence of thirty-six months

11   to one hundred fifty-six months for use of a deadly weapon, to run concurrent to Count VII;

12           Count IX- Robbery with Use of a Deadly Weapon serving a sentence of thirty-six

13   months to one hundred fifty-six months, plus an equal and consecutive sentence of thirty-six months

14   to one hundred fifty-six months for use of a deadly weapon, to run concurrent to Count VIII; and

15           Count X- Robbery with Use of a Deadly Weapon serving a sentence of thirty-six

16   months to one hundred fifty-six months plus an equal and consecutive sentence of thirty-six months

17   to one hundred fifty-six months for use of a deadly weapon, to run concurrent to Count IX.

18           Mr. Mack has discharged a portion of his sentence and is currently serving an active sentence

19   for Use of Deadly Weapon Enhancement, a category B felony.  The majority of his sentences are

20   pending.

21                              **II.    Discussion**

22           The Nevada Supreme Court in <u>Williams v. State,</u> 402 P.3d 1260 (Nev. 2017) held that

23   petitioners with offense dates between 1995 and June 30, 2007 are entitled to good time credits

24   under NRS 209.4465(7)(b) if: (1) the petitioner was sentenced under a statute that did not specify a

25   parole eligibility date; and (2) the petitioner has not already been before the parole board on that

26   sentence.  As Mr. Mack's offenses took place before June 30, 2007, Mr. Mack may be entitled to

27   additional credits pursuant to <u>Williams.</u>

28

LINDA MARIE BELL
DISTRICT JUDGE
DEPARTMENT VII

**The Court Grants Mr. Mack's Petition for Good Time Credits Pursuant to the <u>Williams</u> Decision.**

Nevada Revised Statute 209.4465 governs the award of credits for crimes committed on or after July 17, 1997. The Court applies the version of the statue in effect when the offenses were committed in its question, because the offense took place before the 2007 amendment of NRS 209.4465. For offenses committed before July 1, 2007, the Court finds that an inmate that meets certain qualifications "must be allowed. . . a deduction of 10 days from his sentence for each month he serves." NRS 209.4465(1) (2003) (amended 2007). These credits "must be deducted from the maximum term imposed by the sentence," and "[a]pply to eligibility for parole unless the offender was sentenced pursuant to a statute which specifies a minimum sentence that must be served before a person becomes eligible for parole." NRS 209.4465(7) (2003) (amended 2007). For offenses committed after the July 1, 2007 effective date, the petitioner is entitled to "a deduction of 20 days from his sentence for each month he serves." NRS 209.4465(1) (2007). <u>Williams</u> now governs the credits a petitioner may earn under NRS 209.4465, and their application for offenses committed before July 1, 2007.

Pursuant to <u>Williams,</u> the Nevada Supreme Court found that a petitioner is entitled to apply credits they would have earned under NRS 209.4465 to the current sentence's minimum if: (1) the petitioner was sentenced under a statute that was silent as to a parole eligibility date; and (2) the petitioner had not already appeared before the parole board. <u>Williams</u> at 1266. The Nevada Supreme Court found that NRS 209.4465(7), section (a) provides the general rule for credits earned towards eligibility for parole, and section (b) sets forth the limitations. Under the rules of construction, the Nevada Supreme Court found that section (b) limitations do not apply to a sentencing statute that is silent on parole eligibility. As such, credits earned should be deducted from a petitioner's minimum sentence. Thus, an inmate is eligible for parole sooner than he or she would have been without the credits. <u>Williams</u> at 1262.

Accordingly, the Court finds Mr. Mack is entitled to good time credit deductions from his parole eligibility date under NRS 209.4465 as a result of <u>Williams</u>. The statute under which Mr. Mack was convicted specifies a minimum sentence, but does not specify parole eligibility and Mr.

LINDA MARIE BELL
DISTRICT JUDGE
DEPARTMENT VII

1    Mack has not yet been before the parole board on this sentence. Therefore, Mr. Mack is entitled

2    additional time credits towards his parole eligibility date under NRS 209.4465(7) as it existed in

3    2001.

### III.    Conclusion

5        Mr. Mack is entitled to additional credits pursuant to the <u>Williams</u> decision because he is

6    currently serving on a sentence that does not specify a parole eligibility date and he has not yet been

7    before the parole board on this pre-2007 offense.  Therefore, the Court grants Mr. Mack's Petition

8    for Writ of Habeas Corpus.

10                  DATED this day of February ___, 2018.

13                  LINDA MARIE BELL
                    DISTRICT COURT JUDGE

LINDA MARIE BELL
DISTRICT JUDGE
DEPARTMENT VII

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date of filing, a copy of this Order was electronically served through the Eighth Judicial District Court EFP system or, if no e-mail was provided, by facsimile, U.S. Mail and/or placed in the Clerk's Office attorney folder(s) for:

| Name | Party |
|---|---|
| Christopher Mack<br>c/o High Desert State Prison | Petitioner |
| Allison Herr, Esq.<br>Deputy Attorney General | Counsel for Respondent |

_TINA HURD_
JUDICIAL EXECUTIVE ASSISTANT, DEPARTMENT VII

### AFFIRMATION
Pursuant to NRS 239B.030

The undersigned does hereby affirm that the preceding Decision and Order filed in District Court case number A754557 DOES NOT contain the social security number of any person.

_____/s/ Linda Marie Bell_____   Date 2/5/2018
District Court Judge

LINDA MARIE BELL
DISTRICT JUDGE
DEPARTMENT VII

5

 

# State of Nevada
# Department of Corrections

*INMATE GRIEVANCE REPORT*

**ISSUE ID#**  20063063254

**ISSUE DATE:**  03/27/2018

| INMATE NAME | NDOC ID | TRANSACTION TYPE | ASSIGNED TO |
|---|---|---|---|
| MACK, CHRISTOPHER D | 78847 | RTRN_L2 | DDEAL |

| LEVEL | TRANSACTION DATE | DAYS LEFT | FINDING | USER ID | STATUS |
|---|---|---|---|---|---|
| 2 | 08/03/2018 | | Denied | HRJONES | A |

## INMATE COMPLAINT

## OFFICIAL RESPONSE

Responses at the previous levels were correct and appropriate, except the 1st level response mentioned both minimum/maximum but inmates, including you, did receive 209.4465 credits off the maximum terms prior to any court decisions. The NDOC's interpretation of the language in NRS 209.4465, which is what is covered in both the VonSeydewitz and Williams decision, both prior to and after AB 510 and the addition in 209.4465 of subsection 8, and of not giving credits on minimum terms when a minimum sentence was stipulated in the statute the inmate was sentenced under, was actually upheld in a Nevada Supreme Court (NSC) decision prior to the new ruling they put forth in the 'VonSeydewitz' case. It was believed that AB 510 was actually allowing inmates who hadn't been eligible for credits to be applied to their minimum term was now allowed to, with the stipulation that the Cat A or B felonies, and the other criteria stipulated in subsection 8 would be precluded. It was the NSC's new interpretation of this statute (209.4465.7.b) that caused him to be able to have 209.4465 credits applied to his minimum term, but that was an unpublished order and was only applied to Inmate VonSeydewitz. However, there was a new published NCS decision (Williams v State), filed October 2017 (which you referenced), and in that order the NSC upheld 'VonSeydewitz' in that offenses sentenced under statutes which did not specify a minimum term that must be served before a person becomes eligible for parole would be eligible for 209.4465 credits, as per NRS 209.4465.7(b), to be applied to the minimum term(s). The NCS's new interpretation was that inmates should have been getting credits towards their minimum term, as outlined below, and that AB 510 actually restricted some inmates with offenses on or after 7-1-07, from getting those credits. The interpretation can be explained such that anyone sentenced under a statute which stipulates a minimum "range" (like not less than 1 and not more than 6 years, for example), would have these credits apply to the minimum term, but sentences under statutes that stipulate a specific minimum (like a definite term of 25 years, with eligibility for parole beginning when a minimum of 10 years has been served, for example), would not. A foot note in this decision stipulates that because the application of credits under NRS 209.4465(7)(b) only serves to make an offender eligible for parole earlier, no relief can be afforded where the offender has already expired the sentence or appeared before the Parole Board (PB) on the sentence (paraphrasing). Both your cases fall within the above noted time frame but you already discharged sentences under C181882 and discharged or appeared before PB on Ct 1 Robbery and UDW on Ct 2 Robbery of C#182002 before the Williams decision. Your eligible active sentence (Ct 2 UDW) was adjusted, moving your PED to 9-6-17. You were scheduled and seen by PB 3-12-18 and the PB granted you parole with a recommended Release date of 3-12-18 (this was the PB's decision and I believe they could have set that date sooner if they would have wanted to (up to your PED at that time). The remaining eligible sentences (Ct 3, 7, 8, 9 and 10) were adjusted to allow credits toward those minimum terms as well. After being advised of your court ruling you were adjusted and scheduled for a PB hearing as soon as possible. Your request for monetary recompense of $500,000 is denied.

GRIEVANCE RESPONDER

Christopher Mack

Exhibit (B)

LOG NUMBER: 2006306385 4

# NEVADA DEPARTMENT OF CORRECTIONS
## SECOND LEVEL GRIEVANCE

NAME: _Christopher Mack_  I.D. NUMBER: _78847_

INSTITUTION: _Southern Desert Correction Center_ UNIT: _1 B #16_

I REQUEST THE REVIEW OF THE GRIEVANCE, LOG NUMBER _2006306385 4_ , ON THE SECOND LEVEL. THE ORIGINAL COPY OF MY GRIEVANCE AND ALL SUPPORTING DOCUMENTATION IS ATTACHED FOR REVIEW.

**SWORN DECLARATION UNDER PENALTY OF PERJURY**

INMATE SIGNATURE: _Christopher Mack_  DATE: _7-1-18_

WHY DISAGREE: _In response to your Official Response to my 1st level grievance you explained that in the Jessica Williams decision, if I had parole, Action/ or discharged any sentence under the case, I was currently serving, those sentences are, not "eligible" to receive the Minimum/Maximum deducted from my sentence structure. My stance is that it is not My Sentences_

GRIEVANCE COORDINATOR SIGNATURE: _____ DATE: _7/9/18_

SECOND LEVEL RESPONSE: _____

_____

_____

_____

_____ GRIEVANCE UPHELD _X_  GRIEVANCE DENIED _____ ISSUE NOT GRIEVABLE PER AR 740

SIGNATURE: _Dwayne Deal_  TITLE: _CM II_  DATE: _8-3-18_

GRIEVANCE COORDINATOR SIGNATURE: _____ DATE: _9/4/18_

INMATE SIGNATURE: _Christopher Mack_  DATE: _9/12/18_

## THIS ENDS THE FORMAL GRIEVANCE PROCESS

| | |
|---|---|
| Original: | To inmate when complete, or attached to formal grievance |
| Canary: | To Grievance Coordinator |
| Pink: | Inmate's receipt when formal grievance filed |
| Gold: | Inmate's initial receipt |

RECEIVED

AUG 0 2 2018

OFFENDER MANAGEMENT
NDOC

RECEIVED
JUL 13 2018
S.D.C.C.
A.W.P.

DOC 3094 (12/01)

LOG NUMBER: _2006306305Y_

# NEVADA DEPARTMENT OF CORRECTIONS
## SECOND LEVEL GRIEVANCE

NAME: _Christopher Mack_  I.D. NUMBER: _78847_

INSTITUTION: _Southern Desert Correction Cent_ UNIT: _1 B #16_

I REQUEST THE REVIEW OF THE GRIEVANCE, LOG NUMBER _2006306305Y_, ON THE SECOND LEVEL. THE ORIGINAL COPY OF MY GRIEVANCE AND ALL SUPPORTING DOCUMENTATION IS ATTACHED FOR REVIEW.

**SWORN DECLARATION UNDER PENALTY OF PERJURY**

INMATE SIGNATURE: _Christopher Mack_ DATE: _7•1•18_

WHY DISAGREE: _____

GRIEVANCE COORDINATOR SIGNATURE: _____ DATE: _7/1/?_

SECOND LEVEL RESPONSE: _____

_____ GRIEVANCE UPHELD ___✓___ GRIEVANCE DENIED _____ ISSUE NOT GRIEVABLE PER AR 740

SIGNATURE: _____ TITLE: _C.m.o_ DATE: _8/1/?_

GRIEVANCE COORDINATOR SIGNATURE: _____ DATE: _____

INMATE SIGNATURE: _____ DATE: _____

## THIS ENDS THE FORMAL GRIEVANCE PROCESS

| | |
|---|---|
| Original: | To inmate when complete, or attached to formal grievance |
| Canary: | To Grievance Coordinator |
| Pink: | Inmate's receipt when formal grievance filed |
| Gold: | Inmate's initial receipt |

RECEIVED

AUG 0 2 2018

OFFENDER MANAGEMENT
NDOC

DOC 3094 (12/01)

## NEVADA DEPARTMENT OF CORRECTIONS
## GRIEVANT'S STATEMENT CONTINUATION FORM

NAME: _Christopher Mack_   I.D. NUMBER: _78847_

INSTITUTION: _S.D.C.C._   UNIT #: _1 B#16_

GRIEVANCE #: _2006306325 4_   GRIEVANCE LEVEL: _2nd Level_

GRIEVANT'S STATEMENT CONTINUATION:   PG. _2_ OF _2_

that are "eligible" to receive any thing! "I" Am "eligible" to
receive a deduction of 20 days from my sentence
for each month I serve. I an owed 240 days
per year for each month I have served, whether
I have been paroled onto my next sentence or Not por
discharged any sentence. I'm under 1 Continuous
Term of imprisonment and have never gotten
released. Subsection 7(6) of AB 510's NRS 209.4465
which states : Except as otherwise provided in subsection 8
credits earned pursuant to this section -(6) apply to
eligibity for parole has nothing to do with the
deduction of DAYS I'm to receive for each month
in Prison I Serve! Remedy: from Dec.1st 2001 to
Dec. 1st 2017 im owed ar total deduction of 3,600 days.
credit all of it to my remaining sentence(s).

Original:   Attached to Grievance
Pink:   Inmate's Copy

RECEIVED

AUG 0 2 2018

OFFENDER MANAGEMENT
NDOC
DOC – 3097 (01/02)

Case 2:19-cv-01984-APG-BNW Document 41 Filed 08/11/20 Page 25 of 52



# State of Nevada
# Department of Corrections

*INMATE GRIEVANCE REPORT*

**ISSUE ID#**  20063063254

**ISSUE DATE:**  03/27/2018

| INMATE NAME | NDOC ID | TRANSACTION TYPE | ASSIGNED TO |
|---|---|---|---|
| MACK, CHRISTOPHER D | 78847 | RTRN_L1 | JHOWELL |

| LEVEL | TRANSACTION DATE | DAYS LEFT | FINDING | USER ID | STATUS |
|---|---|---|---|---|---|
| 1 | 06/08/2018 | 5 | Denied | SCOOK | INACTIVE |

| INMATE COMPLAINT |
|---|

| OFFICIAL RESPONSE |
|---|
| I am in receipt of your Grievance #20063063254 and found that you were correctly responded to at the informal level. Your sentence structure was under review by the Offender Management Division (OMD) due to the recent William's decision. Since the filing of your grievance, your sentence structure has been adjusted by OMD and all credits owed have been posted to your active sentence and will be applied to all future sentences on current case that you have to serve. Be advised that according to the William's decision, if you have had parole action and/or discharged any sentence under the case that you are currently serving, those sentences are not eligible to receive the minimum/maximum deducted from your sentence structure. Grievance Denied. |

GRIEVANCE RESPONDER

Report Name: NVRIGR
Reference Name: NOTIS-RPT-OR-0217.4
Run Date:    JUN-08-18 09:30 AM

RECEIVED

AUG 0 2 2018

OFFENDER MANAGEMENT
NDOC


Log Number 2006306325-4

## NEVADA DEPARTMENT OF CORRECTIONS
## FIRST LEVEL GRIEVANCE

NAME: _CHRISTOPHER MACK_  I.D. NUMBER: _78847_

INSTITUTION: _S.D.C.C._  UNIT: _7b#26_

I REQUEST THE REVIEW OF THE GRIEVANCE, LOG NUMBER _2006306325-4_ , IN A FORMAL MANNER. THE ORIGINAL COPY OF MY GRIEVANCE AND ALL SUPPORTING DOCUMENTATION IS ATTACHED FOR REVIEW.

SWORN DECLARATION UNDER PENALTY OF PERJURY

INMATE SIGNATURE: _Christopher Mack_  DATE: _5/3/18_

WHY DISAGREE: _Under 209.4465 (1997) NRS, I am entitled to have 20 days per month for each month I serve (statutory good time) deducted from the "Minimum" & "Maximum" term of my sentence. According to my calculation I'm owed 240 days per year. I was subjected to do 365 days on each year in violation of my (8th) Eighth amendment_

GRIEVANCE COORDINATOR SIGNATURE: _____  DATE: _5/4/18_

FIRST LEVEL RESPONSE: _____

_____

_____

_____

_____

_____ GRIEVANCE UPHELD  _____ GRIEVANCE DENIED  _____ ISSUE NOT GRIEVABLE PER AR 740

WARDEN'S SIGNATURE: _____  TITLE: _WARDEN_ DATE: _6.7.18_

GRIEVANCE COORDINATOR SIGNATURE: _____  DATE: _GIIR_

_____ INMATE AGREES  _____ INMATE DISAGREES

INMATE SIGNATURE: _Christopher Mack_  DATE: _6/28/18_

FAILURE TO SIGN CONSTITUTES ABANDONMENT OF THE CLAIM. A SECOND LEVEL GRIEVANCE MAY BE PURSUED IN THE EVENT THE INMATE DISAGREES.

| Original: | To inmate when complete, or attached to formal grievance |
| Canary: | To Grievance Coordinator |
| Pink: | Inmate's receipt when formal grievance filed |
| Gold: | Inmate's initial receipt |

RECEIVED

AUG 0 2 2018

OFFENDER MANAGEMENT
NDOC

DOC 3093 (12/01)

Log Number 200830632?4

## NEVADA DEPARTMENT OF CORRECTIONS
## FIRST LEVEL GRIEVANCE

NAME: CHRISTOPHER Mack _____ I.D. NUMBER: 75847

INSTITUTION: S.D.C.C _____ UNIT: 76 # 36

I REQUEST THE REVIEW OF THE GRIEVANCE, LOG NUMBER 200830632?4 , IN A FORMAL MANNER. THE ORIGINAL COPY OF MY GRIEVANCE AND ALL SUPPORTING DOCUMENTATION IS ATTACHED FOR REVIEW.

SWORN DECLARATION UNDER PENALTY OF PERJURY

INMATE SIGNATURE: _Christopher Mack_ DATE: 5/3/18

WHY DISAGREE: Under 809.4465 (1997) vers. I am entitled to earn 20 days Per month For each month I serve (statutory good time) deducted from the "Amount" of "Duration" Term of my sentence. According to my calculations. I'm owed 240 days Per year. I am entitled to 20 x 365 days in each year. I deserve all my forfeited credits.

GRIEVANCE COORDINATOR SIGNATURE: _____ DATE: 5/18/18

FIRST LEVEL RESPONSE: _____

_____

_____

_____

_____

_____ GRIEVANCE UPHELD _____ GRIEVANCE DENIED _____ ISSUE NOT GRIEVABLE PER AR 740

WARDEN'S SIGNATURE: _____ TITLE: Warden DATE: 6-7-18

GRIEVANCE COORDINATOR SIGNATURE: _____ DATE: 6/11/18

_____ INMATE AGREES _____ INMATE DISAGREES

INMATE SIGNATURE: _____ Mack DATE: 7/6/18

FAILURE TO SIGN CONSTITUTES ABANDONMENT OF THE CLAIM. A SECOND LEVEL GRIEVANCE MAY BE PURSUED IN THE EVENT THE INMATE DISAGREES.

| Original: | To inmate when complete, or attached to formal grievance |
| Canary: | To Grievance Coordinator |
| Pink: | Inmate's receipt when formal grievance filed |
| Gold: | Inmate's initial receipt |

RECEIVED

AUG 0 2 2018

OFFENDER MANAGEMENT
NDOC

DOC 3093 (12/01)



## NEVADA DEPARTMENT OF CORRECTIONS
## GRIEVANT'S STATEMENT CONTINUATION FORM

NAME: *Christopher Mack*  I.D. NUMBER: *78847*

INSTITUTION: *S.D.C.C.*  UNIT #: *7B #26*

GRIEVANCE #: *20063063254*  GRIEVANCE LEVEL: *First Level*

GRIEVANT'S STATEMENT CONTINUATION:  PG. *2*  OF *3*

right to cruel & unusual punishment, (14th) Fourteenth Amendment which Guarentees Equal Protection of the law to all citizens, when the N.D.O.C. decided to NOT excercise Established Law set forth in / under NRS. 209.4465 (1997). Because of this All of my Parole eligibility dates were set back YEARS and My expiration dates were set back YEARS. From the date of December 1st 2001 until December 1st 2017, at 20 days Per month, 240 Per year I'm owed a total of 3,600 days.   REMEDY: The 20 days Per month deducted from EACH month served according to NRS 209.4465 (1997) That was denied me from my Minimum & Maximum terms of my sentence from December 1st 2001 until December 1st 2017... be deducted from the Minimum and Maximum terms of my Remaining Pending Sentence. (MEANING, all the

Original:   Attached to Grievance
Pink:   Inmate's Copy



RECEIVED

AUG 0 2 2018

OFFENDER MANAGEMENT
NDOC

# NEVADA DEPARTMENT OF CORRECTIONS
## GRIEVANT'S STATEMENT CONTINUATION FORM

NAME: _Christopher Meek_    I.D. NUMBER: _78847_

INSTITUTION: _S.D.C.C._    UNIT #: _7B #26_

GRIEVANCE #: _20063063854_    GRIEVANCE LEVEL: _First Level_

GRIEVANT'S STATEMENT CONTINUATION:    PG. _3_    OF _3_

_days I'm still owed, Approximately 3,600 days, be CREDITED to the remainder of my sentence structure.)_

_Respectfully Submitted_

Original:    Attached to Grievance
Pink:    Inmate's Copy

RECEIVED

AUG 0 2 2018


# State of Nevada
# Department of Corrections

## INMATE GRIEVANCE REPORT

**ISSUE ID#**   20063063254

**ISSUE DATE:**   03/27/2018

| INMATE NAME | NDOC ID | TRANSACTION TYPE | ASSIGNED TO |
|---|---|---|---|
| MACK, CHRISTOPHER D | 78847 | RTRN_INF | RBARRETT |

| LEVEL | TRANSACTION DATE | DAYS LEFT | FINDING | USER ID | STATUS |
|---|---|---|---|---|---|
| IF | 04/17/2018 | 5 | Resolved | SCOOK | INACTIVE |

| INMATE COMPLAINT |
|---|
|  |

| OFFICIAL RESPONSE |
|---|
| I have forwarded your grievance to Offender Management Division (OMD) and your sentence structure is under review. It appears you may be eligible under the Williams decision. Once OMD has completed the review, you will be notified of any changes. Grievance under OMD review. |

_P. Bassett_
GRIEVANCE RESPONDER

RECEIVED

AUG 02 2018

OFFENDER MANAGEMENT
NDOC

Log Number _2006306-0264_

# NEVADA DEPARTMENT OF CORRECTIONS
## INFORMAL GRIEVANCE

NAME: _CHRISTOPHER MACK_    I.D. NUMBER: _78847_

INSTITUTION: _S.D.C.C._    UNIT: _6 C #25_

GRIEVANT'S STATEMENT: _under 209.4465 (1997) N.R.S, I am entitled to_
_have 20 days per month of statutory good time deducted from the_
_"minimum" and "maximum" term of my sentence. (NDOC) Has not done this._
_Remedy : 20 days Per month that were NOT deducted from the_
_"minimum" & MAXimum end of my sentence from December 1st 2001_

**SWORN DECLARATION UNDER PENALTY OF PERJURY**

INMATE SIGNATURE: _Christopher Mack_ DATE: _2.21.18_ TIME: _3:00 pm_

GRIEVANCE COORDINATOR SIGNATURE: _____ DATE: _____ TIME: _____

---

GRIEVANCE RESPONSE: _See Attached_

CASEWORKER SIGNATURE: _____ DATE: _4/20/18_

____ GRIEVANCE UPHELD ____ GRIEVANCE DENIED ____ ISSUE NOT GRIEVABLE PER AR 740

GRIEVANCE COORDINATOR APPROVAL: _____ DATE: _4|9|18_

---

____ INMATE AGREES __✓__ INMATE DISAGREES

INMATE SIGNATURE: _chris Mack_ DATE: _5/1/18_

FAILURE TO SIGN CONSTITUTES ABANDONMENT OF THE CLAIM. A FIRST LEVEL GRIEVANCE MAY
BE PURSUED IN THE EVENT THE INMATE DISAGREES.

| | |
|---|---|
| Original: | To inmate when complete, or attached to formal grievance |
| Canary: | To Grievance Coordinator |
| Pink: | Inmate's receipt when formal grievance filed |
| Gold: | Inmate's initial receipt |

RECEIVED

AUG 0 2 2018

OFFENDER MANAGEMENT
NDOC

DOC 3091 (12 / 01)

# NEVADA DEPARTMENT OF CORRECTIONS
## GRIEVANT'S STATEMENT CONTINUATION FORM

NAME: _Christopher Mack_     I.D. NUMBER: _78847_

INSTITUTION: _S.D.C.C._     UNIT #: _6 C#25_

GRIEVANCE #: _____     GRIEVANCE LEVEL: _informal_

GRIEVANT'S STATEMENT CONTINUATION:    PG. _2_ OF _2_

_until present, be deducted from the Minimum & Maximum of Remaining pending Sentences._

Original:    Attached to Grievance
Pink:    Inmate's Copy

RECEIVED

AUG 0 2 2018     DOC – 3097 (01/02)

OFFENDER MANAGEMENT
NDOC

# NEVADA DEPARTMENT OF CORRECTIONS
## ADMINISTRATIVE CLAIM FORM

**THIS FORM MUST BE COMPLETED PER NRS 41.036, 41.0322, 209.243 AND ADMINISTRATIVE REGULATION 740**

**DO NOT SEND DIRECTLY TO ATTORNEY GENERAL'S OFFICE, BOARD OF EXAMINERS, OR DIRECTOR**

This form is to be attached to your grievance form for any injuries or any other claim (except property) arising out of a tort alleged to have occurred during your incarceration as a result of an act or omission of the Department of Corrections or any of its agents, former officers, employees or contractors.

The following information is necessary to fairly evaluate your claim. Please provide complete information. If you need more space, attach a separate sheet of paper. You may submit additional evidence if available. Such additional evidence will be returned.

CLAIM IN THE AMOUNT OF $ _500,000_ is hereby made against the Department of Corrections, based upon the following facts:

| 1. NAME OF CLAIMANT (Please print full name) | | 2. I.D. # | 3. INSTITUTION |
|---|---|---|---|
| Christopher Mack | | 78847 | S.D.C.C. |
| 4. AMOUNT OF CLAIM | 5. DATE AND DAY OF OCCURRENCE | | 6. TIME (a.m. or p.m.) |
| $500,000 | 12/01/01 'Til Present | | |
| 7. PLACE OF OCCURRENCE | | | |
| S.D.C.C. | | | |

RECEIVED

AUG 0 2 2018

OFFENDER MANAGEMENT
NDOC

Page 1 of 3

8. Describe here, in complete detail, exactly how your claim loss or damage occurred and why you believe the institution is responsible or liable:

Under 209.4465 (1997) N.R.S., I am Entitled To Have 20 days Per month of STATUTORY Good Time deducted from the "MINIMUM" TERM of my Sentence as well as the "MAXIMUM" TERM of Sentence. N D O C has denied me this from the date of December 1st 2001 until Present.

9. Witnesses. Be sure to include any staff member who may have been involved in, or has any knowledge of, your alleged loss; also, list any inmate who has actual knowledge of facts pertinent to your claim:

DIRECTOR JAMES DZURENDA, Warden JO GENTRY

10. Other pertinent information:

Court issued a decision and order on February 9th 2018 ruling in my favor Granting My Habeas Corpus. THE Nevada Supreme Court in Williams V. STATE 402 P.3d 1260 (Nev 2017) held that defendants with offense dates between 1995 and June 2007 are Entitled to good time Credits under N.R.S. 209.4465 (7).

RECEIVED

AUG 0 2 2018

OFFENDER MANAGEMENT
NDOC

STATE OF _Nevada_ )
                        ) SS
COUNTY OF _CLARK_ )

I, _Christopher Mack_ , do hereby swear under penalty of perjury that I am the claimant named above, that I have read the foregoing claim and know the contents thereof, that the same is true of my own knowledge, except those matters stated upon information and belief, and as to those matters, I believe them to be true, and that THIS IS MY ENTIRE CLAIM AGAINST THE STATE OF NEVADA/DEPARTMENT OF CORRECTIONS.

I FULLY UNDERSTAND THAT I WILL HAVE TO SIGN A GENERAL RELEASE OF ALL CLAIMS IN THE PRESENCE OF A NOTARY PUBLIC FOR THE EXACT AMOUNT I AM CLAIMING BEFORE ANY PAYMENT WILL BE OFFERED TO ME. THIS GENERAL RELEASE WILL BECOME EFFECTIVE ONLY UPON ACTUAL PAYMENT OF THE CLAIM BY THE STATE OF NEVADA.

DATED this _21_ day of _February_ , 20 _18_

_Christopher Mack_
Signature of Claimant

**NOTICE**

NEVADA REVISED STATUTE 197.160 provides that every person who knowingly presents a false or fraudulent claim is guilty of a gross misdemeanor, and is subject to criminal penalties of imprisonment of up to one year, and a fine of up to $2,000.00.

DOC – 3095 (12/01)

RECEIVED

AUG 0 2 2018

OFFENDER MANAGEMENT
NDOC

Page 3 of 3

## NEVADA DEPARTMENT OF CORRECTIONS

### ADMINISTRATIVE CLAIM RELEASE AGREEMENT

I, _Christopher Mack_ , NDOC # _78847_ as claimant, did on the _21_ day of _February_, _2016_, file against and deliver to the Department of Corrections, via the Warden of _S . D . C . C ._ , an institution/facility of the Department of Corrections, an Inmate Grievance No._____ , alleging personal injuries or any other claim arising out of a tort alleged to have occurred during my incarceration as a result of an act or omission of the Department of Corrections or any of its agents, former officers, employees, or contractors described as _____

_____

_____

I acknowledge that $_____ will be deposited into my account as payment in full, for the above claim and hereby release the State of Nevada, the Nevada Department of Corrections and any and all agents, servants and/or employees of the state and agency from all liability of any kind whatsoever from any further claim for items identified on this grievance.

**I UNDERSTAND THIS RELEASE WILL BECOME EFFECTIVE ONLY UPON THE APPROVAL OF MY CLAIM BY THE STATE OF NEVADA AND/OR THE NEVADA DEPARTMENT OF CORRECTIONS.**

DATED this _____ day of _____, _____.

SIGNED:_____ SOCIAL SECURITY # _____
     Signature of Claimant

WITNESS:_____ TITLE:_____

DOC-3096

AUG 0 2 2019

OFFENDER MANAGEMENT
NDOC

CENTRAL OFFICE
1677 Old Hot Springs Road
Suite A
Carson City, Nevada 89706-0677
http://parole.nv.gov
(775) 687-5049
Fax (775) 687-6736

CONNIE S. BISBEE, *Chairman*
SUSAN L. JACKSON, *Member*
ADAM ENDEL, *Member*
TONY CORDA, *Member*

DENISE DAVIS, *Executive Secretary*

STATE OF NEVADA
BRIAN SANDOVAL
*Governor*

LAS VEGAS OFFICE
4000 S. Eastern Avenue
Suite 130
Las Vegas, Nevada 89119-0840
http://parole.nv.gov
(702) 486-4370
Fax (702) 486-4376

CONNIE S. BISBEE, *Chairman*
EDDIE GRAY JR., *Member*
MICHAEL KEELER, *Member*
MAURICE SILVA, *Member*



# NEVADA BOARD OF PAROLE COMMISSIONERS

September 24, 2013

Christopher Mack #78847
High Desert State Prison
PO Box 650
Indian Springs, NV 89070

Dear Mr. Mack,

I received and read your letter dated September 16, 2013 which relates to an action by the Board in 2004 to grant parole to your consecutive sentence. After reading your letter and reviewing your case I can provide the following information.

Based on information provided to the Board by the NDOC, when the parole hearing was conducted on July 9, 2004, the only case number that appeared in your sentence structure was 182002. The case you were considered for parole on at that time was Burglary with a Firearm, which was a 3 to 13 year sentence with a parole eligibility date of 11-29-2004. You were granted parole to a consecutive 3 to 13 year Robbery sentence (same case number).

Prior to the 11-29-2004 date, new sentences resulting from a different conviction were applied to your sentence structure. It appears that a new case (181882-Robbery) was applied to run concurrent with the Burglary with a Firearm sentence in case 182002. NRS 213.1213 states that eligibility for parole on concurrent sentences is based on the sentence requiring the longest period of time to serve before eligibility, it appears the new sentence "preempted" your eligibility on case number 182002 (Burglary with a Firearm).

I was unable to find written notice to the Board from the NDOC that your sentence structure had changed after the new sentences (from case number 181882) were applied to your previous sentence structure. I was also unable to find a record that the order granting parole on the Burglary with a Firearm was rescinded, but in 2007 when you became eligible on the new case (181882) the hearing held on 3-6-2007 included the Burglary with a Firearm case that was previously granted parole. It appears that the Board was under the impression that you lost eligibility after the parole grant in 2004 because of the new controlling sentence.

Because the NDOC has the statutory obligation to interpret judgments of conviction and determine parole eligibility, any issue related to your sentence structure and the interpretation of parole eligibility based on the issuance of court judgements and parole orders should be addressed to them.

Exhibit (C)

A-17-754567-W
IPWHC
Inmate Filed – Petition for Writ of Habeas
4644174

FILED

APR 27 2017

CLERK OF COURT

Case No. C182002
Dept. No.........................

IN THE ........8 th........... JUDICIAL DISTRICT COURT OF THE
STATE OF NEVADA IN AND FOR THE COUNTY OF Clark

Christopher Mack
                Petitioner,

v.

Dwight Nevens Warden (HDSP)
                Respondent.

A-17-754557-W

VII

PETITION FOR WRIT
OF HABEAS CORPUS
(POSTCONVICTION)
compensation of
(Good time /work time credits)

**INSTRUCTIONS:**

(1) This petition must be legibly handwritten or typewritten, signed by the petitioner and verified.

(2) Additional pages are not permitted except where noted or with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) If you want an attorney appointed, you must complete the Affidavit in Support of Request to Proceed in Forma Pauperis. You must have an authorized officer at the prison complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

(4) You must name as respondent the person by whom you are confined or restrained. If you are in a specific institution of the Department of Corrections, name the warden or head of the institution. If you are not in a specific institution of the Department but within its custody, name the Director of the Department of Corrections.

(5) You must include all grounds or claims for relief which you may have regarding your conviction or sentence. Failure to raise all grounds in this petition may preclude you from filing future petitions challenging your conviction and sentence.

(6) You must allege specific facts supporting the claims in the petition you file seeking relief from any conviction or sentence. Failure to allege specific facts rather than just conclusions may cause your petition to be dismissed. If your petition contains a claim of ineffective assistance of counsel, that claim will operate to waive the attorney-client privilege for the proceeding in which you claim your counsel was ineffective.

(7) When the petition is fully completed, the original and one copy must be filed with the clerk of the state district court for the county in which you were convicted. One copy must be mailed to the respondent, one copy to the Attorney General's Office, and one copy to the district attorney of the county in which you were convicted or to the original prosecutor if you are challenging your original conviction or sentence. Copies must conform in all particulars to the original submitted for filing.

**PETITION**

1. Name of institution and county in which you are presently imprisoned or where and how you are presently restrained of your liberty: High Desert State Prison, Clark County

2. Name and location of court which entered the judgment of conviction under attack: 8 th Judicial District Court, Las Vegas, Nevada

3. Date of judgment of conviction: Oct 16, 2003/Amended 4/1/15

4. Case number: C182002

5. (a) Length of sentence: Burglary while in Possession of A Firearm/Class B Felony

RECEIVED

APR 26 2017

CLERK OF THE COURT

Exhibit (D)

-1-

**DISTRICT COURT**

999-754 557-W

VII

_____ County, Nevada

Case No. _____
(Assigned by Clerk's Office)

## I. Party Information (provide both home and mailing addresses if different)

| Plaintiff(s) (name/address/phone): | Defendant(s) (name/address/phone): |
|---|---|
| Christopher Mack #78847 PO Box 650 Indian Springs NV 89070 | Dwight Nevens Warden |
| Attorney (name/address/phone): | Attorney (name/address/phone): |
| | GC |

A-17-764557-W
CCS
Civil Cover Sheet
4644173

## II. Nature of Controversy (please select the one most applicable filing type below)

### Civil Case Filing Types

| Real Property | Torts |
|---|---|

**Landlord/Tenant**
- [ ] Unlawful Detainer
- [ ] Other Landlord/Tenant

**Title to Property**
- [ ] Judicial Foreclosure
- [ ] Other Title to Property

**Other Real Property**
- [ ] Condemnation/Eminent Domain
- [ ] Other Real Property

**Negligence**
- [ ] Auto
- [ ] Premises Liability
- [ ] Other Negligence

**Malpractice**
- [ ] Medical/Dental
- [ ] Legal
- [ ] Accounting
- [ ] Other Malpractice

**Other Torts**
- [ ] Product Liability
- [ ] Intentional Misconduct
- [ ] Employment Tort
- [ ] Insurance Tort
- [ ] Other Tort

| Probate | Construction Defect & Contract | Judicial Review/Appeal |
|---|---|---|

**Probate** (select case type and estate value)
- [ ] Summary Administration
- [ ] General Administration
- [ ] Special Administration
- [ ] Set Aside
- [ ] Trust/Conservatorship
- [ ] Other Probate

**Estate Value**
- [ ] Over $200,000
- [ ] Between $100,000 and $200,000
- [ ] Under $100,000 or Unknown
- [ ] Under $2,500

**Construction Defect**
- [ ] Chapter 40
- [ ] Other Construction Defect

**Contract Case**
- [ ] Uniform Commercial Code
- [ ] Building and Construction
- [ ] Insurance Carrier
- [ ] Commercial Instrument
- [ ] Collection of Accounts
- [ ] Employment Contract
- [ ] Other Contract

**Judicial Review**
- [ ] Foreclosure Mediation Case
- [ ] Petition to Seal Records
- [ ] Mental Competency

**Nevada State Agency Appeal**
- [ ] Department of Motor Vehicle
- [ ] Worker's Compensation
- [ ] Other Nevada State Agency

**Appeal Other**
- [ ] Appeal from Lower Court
- [ ] Other Judicial Review/Appeal

| Civil Writ | Other Civil Filing |
|---|---|

**Civil Writ**
- [x] Writ of Habeas Corpus
- [ ] Writ of Mandamus
- [ ] Writ of Quo Warrant
- [ ] Writ of Prohibition
- [ ] Other Civil Writ

**Other Civil Filing**
- [ ] Compromise of Minor's Claim
- [ ] Foreign Judgment
- [ ] Other Civil Matters

*Business Court filings should be filed using the Business Court civil coversheet.*

APR 28 2017
Date _____

PREPARED BY CLERK

Signature of initiating party or representative _____

*See other side for family-related case filings.*

Nevada AOC - Research Statistics Unit
Pursuant to NRS 3.275

Form PA 201
Rev 3.1

Length of Sentence Continuouce

COUNT - II - Robbery With USE OF A deadly weapon / Class B Felony - NRS 200.380, 193.530)

COUNT - III - Attempt Robbery With USE OF A deadly Weapon / Class B Felony 200.380, 193.165.330 )

COUNT - ▮ VII Burglary ▮▮ while in Possession of A Firearm / Class B Felony - NRS 205.060)

COUNT - VIII - Robbery with the USE of A deadly weapon / class B Felony - NRS 200.380 193.165 )

Count - IX - Robbery with the USE of A deadly weapon / Class B Felony NRS 200.380, 193.165 )

Count - X - Robbery with the use of a deadly weapon / Class B Felony NRS 200.380 193.165 )

(b) If sentence is death, state any date upon which execution is scheduled:.... N/A

6. Are you presently serving a sentence for a conviction other than the conviction under attack in this motion?

Yes ..✓.... No ........

If "yes," list crime, case number and sentence being served at this time: In the ▇▇▇ Judgement of Conviction three six numerous Consecutive Sentences to be Served

7. Nature of offense involved in conviction being challenged: Burglary, Robbery w/ use...................................

8. What was your plea? (check one) N/A

(a) Not guilty ........

(b) Guilty ........

(c) Guilty but mentally ill ........

(d) Nolo contendere ........

9. If you entered a plea of guilty or guilty but mentally ill to one count of an indictment or information, and a plea of not guilty to another count of an indictment or information, or if a plea of guilty or guilty but mentally ill was negotiated, give details: ....................................................................................................................................

..................................................................................................................................................................

10. If you were found guilty or guilty but mentally ill after a plea of not guilty, was the finding made by: (check one)

(a) Jury ........

(b) Judge without a jury ........

11. Did you testify at the trial? Yes ........ No ........

12. Did you appeal from the judgment of conviction? Yes ........ No ........

13. If you did appeal, answer the following:

(a) Name of court: ....................................................................

(b) Case number or citation: ....................................................................

(c) Result: ....................................................................

(d) Date of result: ....................................................................

(Attach copy of order or decision, if available.)

-2-

14. If you did not appeal, explain briefly why you did not: ..........N/A................................................................

.............................................................................................................................................

.............................................................................................................................................

15. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any

petitions, applications or motions with respect to this judgment in any court, state or federal? Yes ........ No ........

16. If your answer to No. 15 was "yes," give the following information:

(a) (1) Name of court: .........................................................................................................................

(2) Nature of proceeding: .................................N/A..........................................................

.............................................................................................................................................

(3) Grounds raised: ......................................................................................................................

.............................................................................................................................................

.............................................................................................................................................

(4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ........ No ........

(5) Result: .................................................................................

(6) Date of result: ..........................N/A..............................

(7) If known, citations of any written opinion or date of orders entered pursuant to such result:

.............................................................................................................................................

(b) As to any second petition, application or motion, give the same information:

(1) Name of court: ...............................................................................

(2) Nature of proceeding: .............................N/A............................

(3) Grounds raised: ...............................................................................

(4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ........ No ........

(5) Result: ...............................................................................

(6) Date of result: ..........................N/A..............................

(7) If known, citations of any written opinion or date of orders entered pursuant to such result:

.............................................................................................................................................

(c) As to any third or subsequent additional applications or motions, give the same information as above, list

them on a separate sheet and attach.

(d) Did you appeal to the highest state or federal court having jurisdiction, the result or action taken on any petition, application or motion?

    (1) First petition, application or motion? Yes ........ No ........

    Citation or date of decision: ................................................. N/A .......................

    (2) Second petition, application or motion? Yes ........ No .........

    Citation or date of decision: .................................................................

    (3) Third or subsequent petitions, applications or motions? Yes ........ No ........

    Citation or date of decision: .................................................................

(e) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not. (You must relate specific facts in response to this question. Your response may be included on paper which is 8 1/2 by 11 inches attached to the petition. Your response may not exceed five handwritten or typewritten pages in length.).................................................................................................................................

................................................................ N/A .................................................................

17. Has any ground being raised in this petition been previously presented to this or any other court by way of petition for habeas corpus, motion, application or any other postconviction proceeding? If so, identify:

    (a) Which of the grounds is the same: ...........................................................................

...................................................................... N/A .........................................................

    (b) The proceedings in which these grounds were raised: ...........................................

.........................................................................................................................................

    (c) Briefly explain why you are again raising these grounds. (You must relate specific facts in response to this question. Your response may be included on paper which is 8 1/2 by 11 inches attached to the petition. Your response may not exceed five handwritten or typewritten pages in length.) ...............................................................

...................................................................... N/A .........................................................

18. If any of the grounds listed in Nos. 23(a), (b), (c) and (d), or listed on any additional pages you have attached, were not previously presented in any other court, state or federal, list briefly what grounds were not so presented, and give your reasons for not presenting them. (You must relate specific facts in response to this question. Your response may be included on paper which is 8 1/2 by 11 inches attached to the petition. Your response may not exceed five handwritten or typewritten pages in length.) ...............................................................

19. Are you filing this petition more than 1 year following the filing of the judgment of conviction or the filing of a decision on direct appeal? If so, state briefly the reasons for the delay. (You must relate specific facts in response to this question. Your response may be included on paper which is 8 1/2 by 11 inches attached to the petition. Your response may not exceed five handwritten or typewritten pages in length.) Compensation of good time Credits

20. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack? Yes ........ No ........

If yes, state what court and the case number: ........................................................................................

N/A

21. Give the name of each attorney who represented you in the proceeding resulting in your conviction and on direct appeal: ........................................................................................

N/A

22. Do you have any future sentences to serve after you complete the sentence imposed by the judgment under attack? Yes ........ No ........

If yes, specify where and when it is to be served, if you know: ........................................................................................

N/A

23. State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary you may attach pages stating additional grounds and facts supporting same.

(a) Ground ONE: NRS 209.4465 (1997)
20 days Per month deducted from "minimum"
and "maximum" terms of my Sentence

Supporting FACTS (Tell your story briefly without citing cases or law.):

Under NRS 209.4465 (1997)
I am entitled to have 20 days per month of Statutory
good time deducted from the minimum and maximum
terms of my Sentence.
The (N.D.C.C) has refused and
/or failed to deduct the 20 days of Statutory good time
I have earned from the minimum and maximum terms
of my Sentence. I have requested that 20 days of
Statutory good time be deducted from the terms
of my Sentence "Yet" (N.D.C.C) has refused and
/or failed to deduct that good time from my
Sentence.
Pursuant to NRAP Rule 33(3)(c) I rely upon the
decision of the Nevada Supreme court in Vonseydewitz
V. Legrund, NSC case no.62159, as Persuasive
authority that I am entitled to relief in this case.

-6-

(b) Ground TWO: Ex Post Facto law Article I, sec. 10 of the U.S Constitution

Supporting FACTS (Tell your story briefly without citing cases or law.):

I am being denied my constitutional right to be free from ex Post facto law under Article I, sec. 10 of the U.S Constitution by the application of the exclusionary Provisions of Section 8 of NRS 209.4465 (2007) to deny me 20 days of Statutory good time per month being deducted from the minimum and maximum terms of my Sentence.

I incorporate all of the facts contained in ground one into this ground for relief. The (NDOC) appears to be denying me the 20 days a month of Statutory good time being deducted from the minimum and maximum terms of my Sentence based on the exclusion Provisions of Section 8 of NRS 209.4465

This is a violation of my ex-Post facto right. I rely upon the decisions in the following Cases to Support my position in this ground for relief. Weaver V. Graham 450 U.S 24 (1981) Stevens V. Nevada State Prison 969 P.2d 945 (NV 1991) Goldsworthy V. Hannifin 468 P.2d 350 (1970)

-7-

(c) Ground THREE: ..................................................................................

*Summary.*

Supporting FACTS (Tell your story briefly without citing cases or law.): ................

Under 209.4465 (1997) Petitioner is entitled to have 20 days Per Month of Statutory good time deducted from the minimum and maximum terms of his Sentence.

The record reflects Petitioner has not had 20 days deducted from the "minimum" and maximum terms of his Sentence inwhich he is entitled to.

This is a Violation of Petitioners Constitutional rights to Due Process and equal Protection of the Law. That needs to be addressed immediately and appropriately to protect the interest of Justice.

(d) Ground FOUR: .................................................................................................

Remedy.

Supporting FACTS (Tell your story briefly without citing cases or law.): ..........................

The 20 Days Per Month not deducted from 2001 till 2017 (16) teen years worth deducted from the minimum and maximum Sentence remaining.

Respectfully, Submitted

× Christopher Mack

WHEREFORE, petitioner prays that the court grant petitioner relief to which petitioner may be entitled in this proceeding.

EXECUTED at **High Desert State Prison** on the 20 day of the month of April, 2017.

_Christopher Mack_
*
High Desert State Prison
Post Office Box 650
Indian Springs, Nevada 89070
Petitioner in Proper Person

## VERIFICATION

Under penalty of perjury, the undersigned declares that the undersigned is the petitioner named in the foregoing petition and knows the contents thereof; that the pleading is true of the undersigned's own knowledge, except as to those matters stated on information and belief, and as to such matters the undersigned believes them to be true.

_Christopher Mack_
*
High Desert State Prison
Post Office Box 650
Indian Springs, Nevada 89070
Petitioner in Proper Person

## AFFIRMATION (Pursuant to NRS 239B.030)

The undersigned does hereby affirm that the preceeding PETITION FOR WRIT OF HABEAS CORPUS filed in District Court Case Number C182002 Does not contain the social security number of any person.

_Christopher Mack_
*
High Desert State Prison
Post Office Box 650
Indian Springs, Nevada 89070
Petitioner in Proper Person

## CERTIFICATE OF SERVICE BY MAIL

I, Christopher Mack, hereby certify pursuant to N.R.C.P. 5(b), that on this ____ day of the month of April, 2017, I mailed a true and correct copy of the foregoing PETITION FOR WRIT OF HABEAS CORPUS addressed to:

D.W. Neven, Warden High Desert State Prison
Post Office Box 650
Indian Springs, Nevada 89070

Attorney General of Nevada
100 North Carson Street
Carson City, Nevada 89701

Clark County District Attorney's Office
200 Lewis Avenue
Las Vegas, Nevada 89155

_Christopher Mack_
*
High Desert State Prison
Post Office Box 650
Indian Springs, Nevada 89070
Petitioner in Proper Person

* Print your name and NDOC back number and sign

-10-



opher Mack # 78847
ox 650
on Springs, NV 89070

Clerk of the Court
200 Lewis Avenue
Las Vegas, N.V. 89155-1160

LEGAL MAIL

RECEIVED

APR 2 0 2017

HIGH DESERT STATE PRISON
LAW LIBRARY

Christopher D. Mack #78847
Southern Desert Correctional Cent
P.O. Box 208
Indian Springs, NV. 89070



FILED ____ RECEIVED
ENTERED ____ SERVED ON
COUNSEL/PARTIES OF RECORD

NOV 12 2019

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: ____

246894
2702

LLOYD D.
333 L
LAS